```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
              Civil No. 14-214(DSD/JJK)
```

Joshua S. Suter,

       Plaintiff,

v.                                    **ORDER**

Bruce Carson,

       Defendant.

    Dean E. Richardson, Esq. and Moye White, LLP, 16 Market Square, 6th Floor, 1400 16th Street, Denver, CO 80202, counsel for plaintiff.

    Courtney A. Sekevitch, Esq. and Foley & Mansfield, PLLP, 250 Marquette Avenue, Suite 1200, Minneapolis, MN 55401, counsel for defendant.

This matter is before the court upon the notice of dismissal by plaintiff Joshua S. Suter. According to Rule 41, "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). "These two instances have been construed strictly and exclusively." Safeguard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990); see also Anderson v. Schwing Am., Inc., No. 02-1774, 2003 WL 21360127, at *3 (D. Minn. June 9, 2003) (noting that "a [m]otion to [d]ismiss raises no legal barrier to the [p]laintiff's right to unilaterally dismiss his [c]omplaint without leave of the [c]ourt." (citation and internal quotation marks omitted)). Here, defendant Bruce Carson filed a motion to dismiss. See ECF No. 12  Carson has

not, however, filed an answer or a motion for summary judgment.[1] Because Suter filed his notice of voluntary dismissal before Carson answered or moved for summary judgment, "the voluntary dismissal must be given effect." Safeguard, 907 F.2d at 864. As a result, no order of the court is needed to dismiss the matter without prejudice, and such dismissal took effect on March 20, 2014. See Kirkendoll v. Bruemmer, 287 F.3d 706, 707 (8th Cir. 2002) (per curiam).

Accordingly, **IT IS HEREBY ORDERED** that the hearing scheduled for April 11, 2014 is canceled.

Dated:  April 8, 2014

                                s/David S. Doty
                                David S. Doty, Judge
                                United States District Court

---

[1] In his motion to dismiss, Carson submitted various materials outside the pleadings. Pursuant to Rule 12, the court must convert a motion to dismiss to a motion for summary judgment where matters outside the pleadings are presented to and not excluded by the court. Fed. R. Civ. P. 12(d). However, "[a] court has wide discretion in electing to consider matters outside the pleadings." Skyberg v. United Food & Commercial Workers Intern. Union, AFL-CIO, 5 F.3d 297, 302 n.2 (8th Cir. 1993). The court declines to consider matters outside the pleadings and, as a result, does not convert Carson's motion to dismiss to a motion for summary judgment.